**Appeal of JOHN W. BUTLER, INC.**　　　　**Docket No. 1572.**

A corporation keeping its books of account on an accrual basis must take its interest deductions in the periods within which the liability to pay interest accrues, although the interest is not paid until later periods.

Deductions for alleged operating expenses disallowed by the Commissioner will not be restored in the absence of any evidence supporting the right to claim a deduction for such alleged expenses.

Submitted March 24, 1925; decided May 5, 1925.

*H. S. Isaacs* and *H. R. Bresnahan, Esqs.*, for the taxpayer.

*Willis D. Nance, Esq.*, for the Commissioner.

Before PHILLIPS, STERNHAGEN, and TRUSSELL.

This appeal is taken from a determination of the Commissioner asserting deficiencies in income and profits taxes for the years 1918, 1919, and 1920, aggregating $18,512.06.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of New York, having its principal office in New York City.

For the purpose of financing its business it borrowed considerable sums from its principal stockholder, giving its promissory notes, as evidence of funds borrowed, bearing interest at 6 per cent. These loans were commonly upon demand notes, but were allowed to run for indefinite periods. Interest upon the several amounts borrowed was not regularly accrued upon the books of the taxpayer, and only appeared upon its books of account at times when payments and settlements were made.

During the years 1918 and 1919 taxpayer paid considerable amounts, both in principal and interest, upon these loans, and in making its income-tax returns for those years claimed as deductions the amounts of interest actually paid. During the year 1920 only a small amount was paid upon the loans, and only $49.17 of interest·

was paid during that year. The amount of interest which actually accrued upon the outstanding loans during the year 1920 was $2,145.84.

During the years 1918 and 1920 the taxpayer claimed deductions for operating expenses of its business in the amounts of $11,200 for the year 1918 and $12,566.10 for the year 1920, these sums being claimed to be the total amounts paid during those years as expenses for entertaining customers and similar expenses. When the books of account of the taxpayer were examined by the revenue agent, for the purpose of verifying these returns, the agent questioned the character and nature of these deductions and recommended that only $5,200 on account of such expenses be allowed as a deduction for each of the years 1918 and 1920.

The Commissioner, in auditing the taxpayer's returns for the years in question, together with the report of the revenue agent, readjusted the interest deductions for the years 1918 and 1919, allowing only the amounts of interest which accrued upon the taxpayer's indebtedness outstanding during those years, and in adjusting the tax liability for the year 1920 allowed only the amount of interest paid during that year. He also accepted the recommendation of the revenue agent with respect to the expense account.

### DECISION.

The deficiencies in taxes should be recomputed in accordance with the following opinion. Final decision will be settled on consent or on ten days' notice, in accordance with Rule 50.

### OPINION.

TRUSSELL: The record of this appeal shows that the taxpayer kept its books of account consistently upon an accrual basis, with the exception that it did not carry upon such books the amounts of interest accruing upon its outstanding obligations to its stockholders; the book entries of such interest were made only at the times when payments were made. It is the opinion of the Board that, in order to reflect its true net income, the taxpayer's interest deductions should be readjusted in such manner that in each year the deduction will agree with the amount of interest accrued upon its borrowed moneys. *Appeal of Clarence Schock*, 1 B. T. A. 528. We, therefore, hold that the Commissioner's adjustments of interest deductions for the years 1918 and 1919 have been properly made, and that, for the year 1920, a further adjustment should be made allowing an accrued interest deduction in the amount of $2,145.84.

With respect to the disallowance of expense deductions, the taxpayer did not furnish any testimony or any evidence of any character in support of its contention. We are, therefore, left wholly uninformed as to what may have been the true character of the disbursements claimed to have been made, or even whether such disbursements were actually made, and upon the record as it stands the disallowance of portions of the taxpayer's expense deductions by the Commissioner must be approved.